## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

05-10258 NG

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,

MAGISTRATE JUDGE _____

          Plaintiffs

     vs.                                             C.A. No.

BOSTON CHAIN LINK FENCE ERECTORS, INC. and
its alter ego BOSTON FENCE & SUPPLY, INC.,
          Defendant

     and

BANK OF AMERICA,
          Trustee.

RECEIPT # 62020
AMOUNT $ 250
SUMMONS ISSUED 15
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 2/4/05

## COMPLAINT ON A JUDGMENT

### I.    INTRODUCTION

1.    This is an action to collect an unpaid judgment pursuant to a Default Judgment
and Order entered by this Court on April 16, 2003 against Boston Chain Link Fence Erectors,
Inc. Plaintiffs' original lawsuit established that Boston Chain Link Fence Erectors failed to pay
contributions owed to the Plaintiff Funds under collective bargaining agreements requiring
contributions to the Funds, and is liable to the Funds under the Employee Retirement Income
Security Act ("ERISA") for $47,262.41 in contributions, prejudgment interest, damages and
attorneys' fees and costs, plus post judgment interest. The Plaintiff Funds bring this suit to

collect the Judgment from Boston Chain Link Fence and/or its alter ego or successor, Boston Fence & Supply, Inc., which is jointly and severally liable for the amount of the judgment.

## II.    JURISDICTION

2.    This Court has exclusive jurisdiction of this action under Section 502(a), (e) and (f) of ERISA, 29 USC §1132(a), (e), (f), without respect to the amount of controversy.

## III.    PARTIES

3.    Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.    Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.    Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.    Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

7.    Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

8.    The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9.    Defendant Boston Chain Link Fence Erectors ("Boston Chain Link Fence") is a Massachusetts corporation with a principal place of business at 48 Locust Street in Danvers, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10.    Defendant Boston Fence & Supply, Inc. ("Boston Fence") is a Massachusetts corporation with a principal place of business at 128 Newbury Street, Peabody, Massachusetts, and/or 48 Locust Street, Danvers, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12). On information and belief, Boston Fence is the alter ego or successor of Boston Chain Link Fence.

11.    On information and belief, Bank of America is a banking institution holding assets of the defendants.

## IV.    **ALLEGATIONS OF FACT**

12.    On or about November 7, 1997, defendant Boston Chain Link Fence agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements.

13.     The foregoing agreements required employers to make contributions to Plaintiff Funds for each hour worked by covered employees, and specified the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers were also required to file monthly remittance reports, on which they calculated the payments they owed.

14.     On or about June 3, 2002, an auditor employed by Plaintiff Funds conducted an audit of Boston Chain Link Fence's books and records for the period May 2001 through April 2002. The Funds' auditor determined, after taking into account all payments made, that Boston Chain Link Fence owed the Funds $52,600.89 in unpaid contributions for work it performed through April 2002, together with $3,891.75 in underpayments and interest on late paid contributions.

15.     Thereafter, Boston Chain Link Fence paid the Funds $16,209.88, thereby reducing its liability for work performed through April 2002, but failed to pay the Funds $36,391.01 in contributions due through April 2002, and may be liable for additional obligations incurred thereafter.

16.     Plaintiff Funds filed a lawsuit (C.A. No. 02-11479) in July 2002 against Boston Chain Link Fence under ERISA for failing to pay the contributions and for prejudgment interest, damages and attorneys' fees and costs, as well as post judgment interest.

17.     This Court entered a Default Judgment (the "Judgment") against Boston Chain Link Fence on April 16, 2003 in the amount of $47,262.41 plus post judgment interest, and issued a First Execution May 9, 2003. A true copy of the Judgment and First Execution are attached hereto as Exhibit A. The Judgment and Execution have not been satisfied to date.

18.     Boston Chain Link Fence was organized as a Massachusetts corporation in July 1997. The company lists its principal place of business as 48 Locust Street in Danvers,

4

Massachusetts. A true copy of its Articles of Incorporation is attached hereto as Exhibit B. On information and belief, Boston Chain Link Fence is no longer operating as a business, but has not formally dissolved its status as a Massachusetts corporation.

19.    Boston Fence was organized as a Massachusetts corporation in January 2000. The company lists its principal place of business as 48 Locust Street in Danvers, Massachusetts in its articles of incorporation, but on information and belief, presently has offices at 128 Newbury Street in Peabody, Massachusetts. A true copy of its Articles of Incorporation is attached hereto as Exhibit C.

20.    Upon information and belief, before and at the time of the entry of the Judgment, Boston Chain Link Fence and Boston Fence operated out of 48 Locust Street in Danvers, Massachusetts and/or 128 Newbury Street in Peabody, Massachusetts.

## COUNT I – VIOLATION OF ERISA –
## DELINQUENT CONTRIBUTIONS – SUM CERTAIN

21.    Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-20, supra.

22.    Upon information and belief, Boston Fence is operating as an ongoing business and is the alter ego and/or successor of Boston Chain Link Fence. There is continuity of ownership between the companies, as upon information and belief, the two companies share the same officers. The two companies also share the same primary corporate purpose of selling, installing, erecting and otherwise dealing in chain link and other types of fences. See Exhibits B and C. Additionally, on information and belief, Boston Fence and Boston Chain Link Fence have operated out of the same locations, at 128 Newbury Street in Danvers and 48 Locust Street

in Peabody, MA.  Based on these facts and others, Boston Fence is the alter ego or successor of Boston Chain Link Fence.

23.     Upon information and belief, Boston Fence is assisting Boston Chain Link Fence in evading its responsibility under the collective bargaining agreements requiring contributions to the Funds, and its responsibility to pay the Judgment.

24.     Upon information and belief, Boston Fence is the alter ego of and/or successor of Boston Chain Link Fence, and as such is liable under the collective bargaining agreements signed by Boston Chain Link Fence requiring contributions to the Funds.

25.     Upon information and belief, Boston Fence is jointly and severally liable for the amount of the Judgment against Boston Chain Link Fence.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff Funds request entry of judgment against the Defendants Boston Chain Link Fence Erectors and Boston Fence & Supply Inc. jointly and severally in the amount of $47,262.41, plus post-judgment interest and costs for filing this action as permitted by law.  Additionally, the Funds request the following relief:

a.      Order the attachment by trustee process of the bank accounts of both Boston Chain Link Fence and by Boston Fence held by Bank of America and any other banking institution(s);

b.      Order the attachment of the machinery, inventory and accounts receivable of both defendants Boston Chain Link Fence and Boston Fence;

c.      Order defendants Boston Chain Link Fence and Boston Fence to make available to Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records,

6

weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations for the period April 2002 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of additional unpaid contributions;

d.     Enter a preliminary and permanent injunction enjoining Boston Chain and Boston Fence from refusing or failing to make contributions to Plaintiff Funds and from refusing or failing to permit Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

e.     Such further and other relief as this Court deems appropriate.

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

Elizabeth A. Sloane, Esquire
BBO #567866
Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108
(617) 742-0208

Dated:   February 7, 2005
ARS/6306 02-213/AlterEgoComplt..doc

7

I HEREBY ATTEST AND CERTIFY ON _____
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

TONY ANASTAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BY: _Jennifer Filo_

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**FIRST EXECUTION**                    CIVIL ACTION NO. 02-11479 NG

To the United States Marshal for the District of Massachusetts
or either of his Deputies and to _____,
Special Process Server:

WHEREAS Paul J. McNally, as he is Trustee, Massachusetts Laborers' Benefit Funds
has recovered judgment against Boston Chain Link Fence Fence Erectors, Inc.

on the ___16th___ day of ___April___, 19 2003, for the sum
of $29,190.55, debt or damage, pre-judgment interest in
and interest in the amount of $7,609.57; liquidated damages of $5,838.11
the amount of $2,679.13; underpayments, and costs of this suit in the
amount of $1,945.05, as to us appears of record,
whereof this First Execution remains to be done,

WE COMMAND YOU, therefore, that of the goods and chattels or
lands of the said Judgment Debtor, to cause to be paid and
satisfied unto the said Judgment Creditor, at the value thereof in
money, the aforesaid sums, being a total of $47,262.41,
in the whole, with interest thereon at the rate of 1.19
from said day of rendition of said judgment; and thereof also to
satisfy yourself for your own fees.

HEREOF FAIL NOT and make due return of this Writ with your
doings thereon into the Clerk's Office of our said court, at
Boston_____, Massachusetts, within Twenty (20) years after
the date of said judgment, or within Ten (10) days after this Writ
has been satisfied or discharged.

Dated this ___9th___ day of ___May___, 19 2003.

Tony Anastas, Clerk

By: _Maryellen Molloy_
Deputy Clerk

DOCKETED

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,

    Plaintiffs

     vs.

BOSTON CHAIN LINK FENCE ERECTORS, INC.,
    Defendant

    and

FLEET BANK,
    Trustee

C.A. No. 02-11479 NG

## DEFAULT JUDGMENT

  Defendant Boston Chain Link Fence Erectors, Inc., having failed to plead or otherwise

defend in this action and its default having been entered,

  Now upon application of plaintiffs and affidavits and a memorandum of law

demonstrating that defendant owes plaintiffs the sum of $29,190.55 in unpaid benefit fund

contributions for the period through April, 2002; $7,609.57 in underpayments and interest on late

paid contributions; $2,679.13 in prejudgment interest if these contributions were paid by March

31, 2003; $5,838.11 in liquidated damages; $1,945.05 in attorney's fees and costs; and that



defendant is not an infant or incompetent person or in the military service of the United States, it is hereby

ORDERED AND ADJUDGED AND DECREED that plaintiffs recover from Defendant Boston Chain Link Fence Erectors, Inc., the principal amount of $29,190.55; $7,609.57 in underpayments and interest on late paid contributions, prejudgment interest of $2,679.13, liquidated damages of $5,838.11, attorneys' fees and costs of $1,945.05, for a total judgment of $47,262.41, with interest as provided by law, which interest rate effective this date is 1.19 percent. Further, this judgment is without prejudice to any claims plaintiffs might have against defendant for additional, as yet unliquidated, contributions due after April, 2002.

Honorable Nancy Gertner
United States District Judge

Dated: 4/16/03

ARS/ars&ts
6306.02-213/defltjdg.doc

2

# The Commonwealth of Massachusetts

**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

## ARTICLES OF ORGANIZATION
(General Laws, Chapter 156B)

### ARTICLE I
The exact name of the corporation is:

Boston Chain Link Fence Erectors, Inc.

### ARTICLE II
The purpose of the corporation is to engage in the following business activities:

To sell, install, erect, and otherwise deal in chain link and all other kind of fences of every type and description and to be a general contractor, subcontractor, supplier, materialman or otherwise participate in or deal with the construction of structures and other improvements to real estate and the construction business.

For Additional Purposes, see Continuation Sheets II.A.

971 9029

C
P
M
R.A.

P.C.

*Note: If the space provided under any article or item on this form is insufficient, additions shall be set forth on one side only of separate 8 1/2 x 11 sheets of paper with a left margin of at least 1 inch. Additions to more than one article may be made on a single sheet so long as each article requiring each addition is clearly indicated.*

## ARTICLE III

State the total number of shares and par value, if any, of each class of stock which the corporation is authorized to issue.

| WITHOUT PAR VALUE | | WITH PAR VALUE | | |
|---|---|---|---|---|
| TYPE | NUMBER OF SHARES | TYPE | NUMBER OF SHARES | PAR VALUE |
| Common: | 1,000 | Common: | | |
| | | | | |
| Preferred: | | Preferred: | | |
| | | | | |

## ARTICLE IV

If more than one class of stock is authorized, state a distinguishing designation for each class. Prior to the issuance of any shares of a class, if shares of another class are outstanding, the corporation must provide a description of the preferences, voting powers, qualifications, and special or relative rights or privileges of that class and of each other class of which shares are outstanding and of each series then established within any class.

NOT APPLICABLE

## ARTICLE V

The restrictions, if any, imposed by the Articles of Organization upon the transfer of shares of stock of any class are:

See Continuation Sheet V.A.

## ARTICLE VI

**Other lawful provisions, if any, for the conduct and regulation of the business and affairs of the corporation, for its voluntary dissolution, or for limiting, defining, or regulating the powers of the corporation, or of its directors or stockholders, or of any class of stockholders:

See Continuation Sheet VI.A.

**If there are no provisions state "None".
Note: The preceding six (6) articles are considered to be permanent and may ONLY be changed by filing appropriate articles of amendment.

## CONTINUATION SHEETS II.A

2

2.1  Additional purposes for which the corporation is formed are as follows:

2.2  To purchase, lease, sublease or otherwise acquire and to hold, use, rent, manage, operate, equip, maintain, sell, mortgage, pledge deal in or with any and all kinds of properties, real, personal, or mixed, tangible or intangible, of every type, nature and description including, without limiting the generality of the foregoing, premises purchased, held, rented, used, equipped and maintained for the conduct of the business of this corporation.

2.3  To acquire, hold, use, sell, assign, lease, grant licenses in respect of, mortgage, or otherwise dispose of letters patent of the United States or any foreign country, patent rights, licenses and privileges, formulae, inventions, improvements and processes, trade secrets, trademarks, franchises and trade names, relating to, or useful in connection with, any business of the corporation.

2.4  To incur liabilities and borrow money and to insure notes, bonds or other evidences of indebtedness and to secure the same by mortgage or pledge of any part or all of the properties of any and every kind of the corporation.

2.5  To make contracts of guarantee or suretyship whether or not in furtherance of this Corporation's purposes; provided, however, that such contracts are necessary or convenient to the conduct, promotion or attainment of the business of (a) a corporation all of the outstanding stock of which is owned, directly or indirectly, by this corporation, (b) a corporation which owns, directly or indirectly, all of the outstanding stock of this corporation, or (c) a corporation all of the outstanding stock of which is owned, directly or indirectly, by a corporation which owns, directly or indirectly, all of the outstanding stock of this Corporation; provided, however that the board of directors of this

Case 1:05-cv-10258-NG    Document 1-3    Filed 02/03/2005    Page 1 of 10

Corporation has determined that such contracts are necessary or convenient to the conduct, promotion or attainment of the business of this Corporation.

2.6 To purchase, subscribe for or otherwise acquire, register, hold, sell, assign, transfer, pledge or otherwise dispose of shares of stock, bonds, notes and other securities and evidences of interest in or indebtedness of any government or political subdivision thereof and of any person, firm or holder thereof to exercise all the rights, powers and privileges of ownership, in the same manner that an individual might do.

2.7 To purchase, hold, sell and transfer the shares of its own capital stock or any other securities issued by it; provided (1) it shall not use its funds or property for the purchase of its own shares of capital stock when such use would cause any impairment of its capital, unless otherwise permitted by law, (2) such purchase, sale or transfer is not otherwise prohibited by law and (3) shares of its own capital stock belonging to it shall not be voted on directly or indirectly.

2.8 To do, or cause to have done, any and all such acts and things as they be necessary, desirable, convenient or incidental to the consummation or accomplishment of any or all of the foregoing purposes.

2.9 To act as the incorporator or shareholder in any other corporation, either by itself or in conjunction with any other individual or corporation and to enter into a partnership agreement or agreements as a general or limited partner without any limitation thereon.

2.10 To carry on any business or other activity which may be lawfully carried on by a corporation organized under Massachusetts General Laws, Chapter 156B, whether or not related to those referred to in the foregoing paragraphs.

## CONTINUATION SHEET V.A

5

5.0  The restrictions imposed by the Articles of Organization upon the transfer of shares of stock of any class are as follows:

5.1  Any stockholder, including the heirs, assigns, executors or administrators of a deceased stockholder, desiring to sell or transfer such stock owned by him or them, shall first offer it to the corporation through the board of directors in the following manner:

5.2  He shall notify the directors of his desire to sell or transfer by notice in writing, which notice shall contain the price at which he is willing to sell or transfer and the name of one arbitrator.  The directors shall within thirty days thereafter either accept the offer, or by notice to him in writing name a second arbitrator, and these two arbitrators shall name a third arbitrator.  It shall then be the duty of the arbitrators to ascertain the value of the stock, and if any arbitrator shall neglect or refuse to appear at any meeting appointed by the arbitrators, a majority may act in the absence of such arbitrator.

5.3  After the acceptance of the offer, or the report of the arbitrators as to the value of the stock, the directors shall have thirty days within which to purchase the same at such valuation, but if at the expiration of thirty days, the corporation shall not have exercised the right so to purchase, the owner of the stock shall be at liberty to dispose of the same in any manner he may see fit.

5.4  No shares of stock shall be sold or transferred on the books of the corporation until these provisions have been complied with, but the board of directors may in any particular instance waive the requirement.

Master 204      Articles of Organization      ng rev. 8/17/94

## CONTINUATION SHEET VI.A

6

6.0  Other lawful provisions for the conduct and regulation of the business affairs of the corporation, for its voluntary dissolution, or for limiting, defining or regulating the powers of the corporation, or of its directors or stockholders, or of any class of stockholders are as follows:

6.1  The directors may make, amend or repeal the by-laws in whole or in part, except with respect to any provision thereof which by-law or by-laws require action by the stockholders.

6.2  Meetings of the stockholders may be held anywhere in the United States of America.

6.3  No stockholder shall have any right to examine any property or any books, accounts, or other writings of the corporation if there is reasonable ground for belief that such examination will for any reason be adverse to the interests of the corporation, and a vote of the directors refusing permission to make such examination and setting forth that in the opinion of the directors, such examination would be adverse to the interests of the corporation, shall be prima facie evidence that such examination would be adverse to the interest of the corporation. Every such examination shall be subject to such reasonable regulations as the directors may establish in regard thereto.

6.4  The directors may specify the manner in which the accounts of the corporation shall be kept and may determine what constitutes net earnings, profits, capital and surplus, what amounts, if any, shall be reserved for any corporate purpose, and what amounts, if any, shall be declared as dividends or otherwise distributed. Upon any reduction of capital or capital stock, no stockholder shall have any right to demand any distribution from the corporation, except as and to the extent that the stockholders shall have so provided at the time of authorizing such reduction.

6.5  Each director and officer of the corporation shall, in the performance of his duties, be fully protected in relying in

ng rev. 8/17/94

**Master 204**    Articles of Organization

good faith upon the books of account of the corporation, reports made to the corporation by any of its officers or employees or by counsel, accountants, appraisers or other experts or consultants selected with reasonable care by the directors, or upon other records of the corporation.

6.6  The directors shall have the power to fix from time to time their compensation. No person shall be disqualified from holding any office by reason of any interest.  In the absence of fraud, each director, officer and stockholder of this corporation individually, and each individual having any interest in any concern which is a stockholder of this corporation, and each concern in which any such director, officer, stockholder or individual has any interest, may be a party to, or may have a pecuniary or other interest in, any contract, transaction or other act of this corporation, and

(1)  such contract, transaction or act shall not be in any way invalidated or otherwise affected by that fact; and

(2)  no such director, officer, stockholder or individual shall be liable to account to this corporation for any profit or benefit realized through any such contract, transaction or act; provided however, that any contract, transaction or act in which any director or officer of this corporation is so interested individually or as a director, officer, trustee or member of any concern which is not a subsidiary or affiliate of this corporation, or, in which any directors or officers are so interested as holders, collectively, of a majority of shares of capital stock or other beneficial interest at the time outstanding in any concern which is not a subsidiary or affiliate of this corporation, shall be duly authorized or ratified by a majority of the directors who are not so interested and to whom the nature of such interest has been disclosed, which majority shall constitute a quorum of the directors for such purpose.

As used in this Article 6.6, the term "interest" means personal interest and interest as a director, officer, stockholder, shareholder, trustee, member or beneficiary of any concern; the term "concern" means any corporation, association, trust, partnership, firm, person or other entity other than this

Master 204        Articles of Organization        ng rev. 8/17/94

corporation; and the term "subsidiary or affiliate" means any concern which owns a majority of the outstanding stock of this corporation or in which a majority of the directors, trustees, partners or controlling persons are directors or officers of this corporation or are elected or appointed by the directors of this corporation.

To the extent permitted by law, the authorizing or ratifying vote of a majority in interest of each class of the capital stock of this corporation outstanding and entitled to vote for directors at an annual meeting or a special meeting duly called for the purpose (whether such vote is passed before or after judgment rendered in a suit with respect to such contract, transaction or act) shall validate any contract, transaction or act of this corporation, or of the board of directors or any committee thereof; provided, however, that with respect to the authorization or ratification of contracts, transactions or acts in which any of the directors, officers or stockholders of this corporation have an interest, the nature of such contracts, transactions or acts and the interest of any director, officer or stockholder therein shall be summarized in the notice of any such annual or special meeting, or in a statement or letter accompanying such notice, and shall be fully disclosed at any such meeting. Stockholders so interested may vote at any such meeting. Any failure of the stockholders to authorize or ratify such contract, transaction or act shall not be deemed in any way to invalidate the same or to deprive this corporation, its directors, officers or employees of its or their right to proceed with such contract, transaction or act.

No contract, transaction or act shall be avoided by reason of any provision of this Article 6.6 which would be valid but for those provisions.

6.7  The corporation may be a partner (general or limited) in any business enterprise which it would have the power to conduct by itself.

## ARTICLE VII

The effective date of organization of the corporation shall be the date approved and filed by the Secretary of the Commonwealth. If a later effective date is desired, specify such date which shall not be more than thirty days after the date of filing.

## ARTICLE VIII

The information contained in Article VIII is not a permanent part of the Articles of Organization.

a. The street address (post office boxes are not acceptable) of the principal office of the corporation *in Massachusetts is:*

128 Newbury Street, Peabody, MA. 01960

b. The name, residential address and post office address of each director and officer of the corporation is as follows:

| NAME | RESIDENTIAL ADDRESS | POST OFFICE ADDRESS |
|---|---|---|
| President: Frank J. Biscardi,Jr. | 48 Locust St. Danvers, MA. 01923 | 48 Locust St. Danvers, MA. 01923 |
| Treasurer: Frank J. Biscardi,Jr. | same | same |
| Clerk: Dominic W. Biscardi | 48 Locust St. Danvers, MA. 01923 | 48 Locust St. Danvers, MA. 01923 |
| Directors: Frank J. Biscardi,Jr. | SEE ABOVE | SEE ABOVe |
| Dominic W. Biscardi | SEE ABOVE | SEE ABOVE |

c. The fiscal year (i.e.. tax year) of the corporation shall end on the last day of the month of:  December

d. The name and business address of the resident agent, if any, of the corporation is:  NONE

## ARTICLE IX

By-laws of the corporation have been duly adopted and the president, treasurer, clerk and directors whose names are set forth above, have been duly elected.

IN WITNESS WHEREOF AND UNDER THE PAINS AND PENALTIES OF PERJURY, I/we, whose signature(s) appear below as incorporator(s) and whose name(s) and business or residential address(es) are clearly typed or printed beneath each signature do hereby associate with the intention of forming this corporation under the provisions of General Laws, Chapter 156B and do hereby sign these Articles of Organization as incorporator(s) this _7_ day of _July_ , 1997 .

Norman Greenberg

Note: If an existing corporation is acting as incorporator, type in the exact name of the corporation, the state or other jurisdiction where it was incorporated, the name of the person signing on behalf of said corporation and the title he/she holds or other authority by which such action is taken.

# 581839

## THE COMMONWEALTH OF MASSACHUSETTS

## ARTICLES OF ORGANIZATION
(General Laws, Chapter 156B)

I hereby certify that, upon examination of these Articles of Organization, duly submitted to me, it appears that the provisions of the General Laws relative to the organization of corporations have been complied with, and I hereby approve said articles; and the filing fee in the amount of $ _200.00_ having been paid, said articles are deemed to have been filed with me this _8th_ day of ___July___ 19 _97_.

Effective date: _____

*William Francis Galvin*

## WILLIAM FRANCIS GALVIN
*Secretary of the Commonwealth*

FILING FEE: One tenth of one percent of the total authorized capital stock, but not less than $200.00. For the purpose of filing, shares of stock with a par value less than $1.00, or no par stock, shall be deemed to have a par value of $1.00 per share.

## TO BE FILLED IN BY CORPORATION
Photocopy of document to be sent to:

NORMAN GREENBERG
85 William Street, Suite 330
Wellesley, MA 02181
(617) 431-7700

Telephone: _____

D

# The Commonwealth of Massachusetts

OFFICE OF THE MASSACHUSETTS SECRETARY OF STATE
## WILLIAM FRANCIS GALVIN , Secretary
ONE ASHBURTON PLACE, BOSTON, MASSACHUSETTS 02108

### ARTICLES OF ORGANIZATION
(Under G.L. Ch. 156B)

### ARTICLE I

The name of the corporation is:

## BOSTON FENCE & SUPPLY, INC.

### ARTICLE II

The purpose of the corporation is to engage in the following business activities:

a.  To sell, install, erect, and otherwise deal in chain link and all other kind of fences of every type and description and to be a general contractor, subcontractor, supplier, materialman or otherwise participate in or deal with the construction of structures and other improvements to real estate and the construction business.

b.  Continuation Sheet A attached.

99357089

Note  If the space provided under any article or item on this form is insufficient, additions shall be set forth on separate 8½ x 11 sheets of paper leaving a left hand margin of at least 1 inch. Additions to more than one article may be continued on a single sheet so long as each article requiring each such addition is clearly indicated.

C
P
M
R.A.

P.C

## ARTICLE III

The type and classes of stock and the total number of shares and par value, if any, of each type and class of stock which the corporation is authorized to issue is as follows:

**WITHOUT PAR VALUE STOCKS**

| TYPE | NUMBER OF SHARES |
|------|------------------|
| COMMON: | 20,000 |
| PREFERRED: | 0 |

**WITH PAR VALUE STOCKS**

| TYPE | NUMBER OF SHARES | PAR VALUE |
|------|------------------|-----------|
| COMMON: | 0 | |
| PREFERRED: | 0 | |

## ARTICLE IV

If more than one type, class or series is authorized, a description of each with, if any, the preferences, voting powers, qualifications, special or relative rights or privileges as to each type and class thereof and any series now established.

None

## ARTICLE V

The restrictions, if any, imposed by the Articles of Organization upon the transfer of shares of stock of any class are as follows:

None

## ARTICLE VI

Other lawful provisions, if any, for the conduct and regulation of business and affairs of the corporation, for its voluntary dissolution, or for limiting, defining, or regulating the powers of the corporation, or of its directors or stockholders, or of any class of stockholders   (If there are no provisions state "None".)

Continuation Sheet B Attached.

Note: The preceding six (6) articles are considered to be permanent and may ONLY be changed by filing appropriate Articles of Amendment.

## CONTINUATION SHEET A

(b) To acquire, by purchase, exchange, or otherwise, all or any part of or any interest in, the properties, assets, business, and goodwill of any one or more persons, firms, associations, or corporations heretofore or hereafter engaged in any business for which a corporation may now or hereafter be organized under the Laws of this State; to pay for the same in cash, property, or its own or other security; to hold, operate, reorganize, liquidate, sell, or in any manner dispose of the whole or any part thereof; and in connection therewith, to assume or guarantee performance of any liabilities, obligations, contracts of such persons, firms, associations, or corporations, and to conduct the whole or any part of any business thus acquired. To borrow or raise money without limit as to amount; to sell, create security interests in pledge, and otherwise dispose of and realize upon book accounts and other chose in action; to make, draw, accept, endorse, execute, and endorse bonds, debentures, notes, or other obligations of any nature or in any manner for money so borrowed or in payment for property purchased or for any other of the objects or purposes of this corporation, and to secure the principal thereof and the interest thereon by mortgage upon, or of creation of security interests in or pledge of or conveyance or assignment in trust of, the whole or any part of the property, real or personal, of this corporation, wherever situated and whether at the time owned or thereafter acquired; and, in such manner and upon such terms as the Board of Directors may from time to time determine, to sell, exchange, pledge, offer for discount, or otherwise dispose of any and all such bonds, debentures, notes, or other obligations.

To enter into, make, perform, and carry out contracts of every sort in kind which may be necessary or convenient for the business of this corporation, or business of a similar nature, with any person, corporation, private, public or municipal, body politic under the government of the United States or any State, territory, or possession thereof, so far as and to the extent that the same may be done and performed by corporations organized under the business corporation law of this state.

To acquire by purchase, lease, gift, devise, or otherwise, and to own, use, hold, sell, convey, exchange, lease mortgage, work, improve, develop, divide, and otherwise handle, deal in and dispose of real estate, real property, and any interest or right therein whether as principal, agent, broker, or otherwise, and to manage, operate, service, equip, furnish, alter, and keep in repair dwellings, apartment houses, hotels, office buildings, and real and personal property of every kind, nature, and description whether as principal, agent, broker, or otherwise, and generally to do anything and everything necessary and proper to the extent permitted by law in connection with the owning, managing, leasing, and operating real and personal property of any and all kinds.

To do any and all things herein set forth, and in addition such other acts and things as are necessary or convenient to the attainment of the purposes of this corporation, or any of them, to the same extent as natural persons lawfully might or could do in any part of the world, insofar as such acts are permitted to be done by a corporation organized under the Business Corporation Law of the Commonwealth of Massachusetts to carry on any business and to have all the powers, rights, and privileges granted or permitted under the Laws of the Commonwealth of Massachusetts to a corporation organized under Chapter 156B of the Massachusetts General Laws.

PRA anno.Com A

## CONTINUATION SHEET B

### ARTICLE VI

Other lawful provisions for the conduct and regulations of the business and affairs of the corporation, for its voluntary dissolution, or for limiting, defining or regulating the powers of the corporation, or of its directors or stockholders, or any class of stockholders:

(a) The directors may make, amend or repeal the by-laws in whole or in part, except with respect to any provision thereof which by law or the by-laws requires action by the stockholders.

(b) Meetings of the stockholders may be held anywhere in the United States.

(c) The corporation may be a partner in any business enterprise it would have power to conduct by itself.

(d) The directors shall have the power to fix from time to time their compensation. No person shall be disqualified from holding any office by reason of any interest. In the absence of fraud, any director, officer or stockholder of this corporation individually, or any individual having any interest in any concern which is a stockholder of this corporation, or any concern in which any such directors, officers, stockholders or individuals have any interest, may be a party to, or may be pecuniarily or otherwise interested in, any contract, transaction or other act of this corporation, and

(1) such contract, transactions or act shall not be in any way invalidated or otherwise affected by that fact;

(2) no such director, officer, stockholder or individual shall be liable to account to this corporation for any profit or benefit realized through any such contract, transaction or act; and

(3) any such director of this corporation may be counted in determining the existence of a quorum at any meeting of the directors or of any committee thereof which shall authorize any such contract, transaction or act, and may vote to authorize the same;

the term "interest" including personal interest and interest as a director, officer, stockholder, shareholder, trustee, member or beneficiary of any concern; and

the term "concern" meaning any corporation, association, trust, partnership firm, person or other entity other than this corporation.

(e) All directors will be exempt from liability to the extent authorized by law.

PRA ннс. Cont B

## ARTICLE VII

The effective date of organization of the corporation shall be the date approved and filed by the Secretary of the Commonwealth. If a later effective date is desired, specify such date which shall not be more than thirty days after the date of filing.  1-1-2000

The information contained in ARTICLE VIII is NOT a PERMANENT part of the Articles of Organization and may be changed ONLY by filing the appropriate form provided therefor.

## ARTICLE VIII

a. The street address of the corporation IN MASSACHUSETTS is: (post office boxes are not acceptable)

128 Newbury Street, Peabody, MA 01960

b. The name, residence and post office address (if different) of the directors and officers of the corporation are as follows:

| NAME | RESIDENCE | POST OFFICE ADDRESS |
|---|---|---|
| President Dominic W. Biscardi | 48 Locust Street Danvers, MA 01923 | 48 Locust Street Danvers, MA 01923 |
| Treasurer Frank J. Biscardi, Jr. | 48 Locust Street Danvers, MA 01923 | 48 Locust Street Danvers, MA 01923 |
| Clerk Frank J. Biscardi, Jr. | 48 Locust Street Danvers, MA 01923 | 48 Locust Street Danvers, MA 01923 |
| Directors Frank J. Biscardi, Jr. | 48 Locust Street Danvers, MA 01923 | 48 Locust Street Danvers, MA 01923 |
| Dominic W. Biscardi | 48 Locust Street Danvers, MA 01923 | 48 Locust Street Danvers, MA 01923 |

c. The fiscal year (i.e., tax year) of the corporation shall end on the last day of the month of:

December

d. The name and BUSINESS address of the RESIDENT AGENT of the corporation, if any, is:

N/A

## ARTICLE IX

By-laws of the corporation have been duly adopted and the president, treasurer, clerk and directors whose names are set forth above, have been duly elected.

IN WITNESS WHEREOF and under the pains and penalties of perjury, I/WE, whose signature(s) appear below as incorporator(s) and whose names and business or residential address(es) ARE CLEARLY TYPED OR PRINTED beneath each signature do hereby associate with the intention of forming this corporation under the provisions of General Laws Chapter 156B and do hereby sign these Articles of Organization as incorporator(s) this 30th day of December 1999

Frank J. Biscardi, Jr.

NOTE: If an already-existing corporation is acting as incorporator, type in the exact name of the corporation, the state or other jurisdiction where it was incorporated, the name of the person signing on behalf of said corporation and the title he/she holds or other authority by which such action is taken.

$3 c 6 72$

**685616**

# THE COMMONWEALTH OF MASSACHUSETTS

## ARTICLES OF ORGANIZATION

### GENERAL LAWS, CHAPTER 156B, SECTION 12

I hereby certify that, upon an examination of these articles of organization, duly submitted to me, it appears that the provisions of the General Laws relative to the organization of corporations have been complied with, and I hereby approve said articles: and the filing fee in the amount of $ *700.00* having been paid, said articles are deemed to have been filed with me this

day of *DECEMBER* 23rd 19 *99*.

Effective date *January 1, 2000*

*Jolun Jumun Golich*

**WILLIAM FRANCIS GALVIN**

Secretary of the Commonwealth

FILING FEE: 1/10 of 1% of the total amount of the authorized capital stock, but not less than $200.00. For the purpose of filing, shares of stock with a par value less than one dollar or no par stock shall be deemed to have a par value of one dollar per share.

## PHOTOCOPY OF ARTICLES OF ORGANIZATION TO BE SENT

Peter R. Ayer, Jr., Esquire
THE HAMEL LAW FIRM

5 Market Square, P. O. Box 198

Amesbury, MA 01913

Telephone    (978) 388-3558

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Paul J. McNally, as he is Trustee, Mass. Laborers' Health & Welfare Fund v. Boston Chain Link Fence Erectors and its Alter Ego Boston Fence and Supply.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

___   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

_X_   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650,
            690, 810, 861-865, 870, 871, 875, 900.

___   V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
Paul J. McNally, et al v. Boston Chain Link Fence Erectors, Inc., C.A. No. 02-11479

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                    YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)
                                                    YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                    YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?
                                                    YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).
                                                    YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).
                                                    YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?
                                                    YES ☐   NO ☒
   (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? N/A

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION: YES ☐ NO ☐   N/A   OR WESTERN SECTION: YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Elizabeth A. Sloane

ADDRESS  Segal, Roitman & Coleman, 11 Beacon Street, Suite #500, Boston, MA  02108

TELEPHONE NO.  (617) 742-0208

(Categform.rev - 3/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND

**DEFENDANTS**

BOSTON CHAIN LINK FENCE ERECTORS, INC. AND ITS ALTER EGO BOSTON FENCE & SUPPLY, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Elizabeth A. Sloane, Esquire
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a claim to collect unpaid benefit fund contributions, brought pursuant to ERISA, 29 U.S.C. Sec. 1132.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☐ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):   N/A

JUDGE

DOCKET NUMBER

DATE    2/7/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____