UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,<br>            Plaintiffs<br><br>vs.<br><br>BOSTON CHAIN LINK FENCE ERECTORS, INC., and its alter ego BOSTON FENCE & SUPPLY, INC.,<br>            Defendants<br><br>and<br><br> BANK OF AMERICA,<br>            Trustee | C.A. No. 05-10258 NG |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This is an action brought to collect an unpaid judgment and order entered by this Court on April 16, 2003 against Boston Chain Link Fence Erectors, Inc. ("Boston Chain Link Fence"). Plaintiff Funds' original lawsuit established that Boston Chain Link Fence owed them contributions under collective bargaining agreements requiring their payment, and is liable to the Funds under Sections 502(a)(3) and 515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA") for $47,262.41 in contributions, prejudgment interest, damages, and attorneys' fees and costs, plus post judgment interest.  The instant action, a complaint on that judgment, was brought against Boston Chain

Link Fence and its alter ego, Boston Fence and Supply, Inc. ("Boston Fence"), to collect on the judgment.

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

A Notice of Default was issued to Boston Fence by the Clerk on August 5, 2005.  At this juncture, Plaintiffs are before the Court on a Motion for Default Judgment.  Plaintiffs now seek a judgment holding defendant Boston Fence liable for $47,262.41, representing the amount of the judgment entered on April 16, 2003, plus post judgment interest.

## FACTS

Plaintiff Funds filed a lawsuit (C.A. No. 02-11479) in July 2002 against Boston Chain Link Fence under ERISA for failing to pay contributions owed to the Funds and for prejudgment interest, damages and attorneys' fees and costs, as well as post judgment interest.   This Court entered a Default Judgment (the "Judgment") against Boston Chain Link Fence on April 16, 2003 in the amount of $47,262.41, plus post judgment interest, and issued a First Execution on May 9, 2003.  A true copy of the Judgment and First Execution are attached to the Complaint as Exhibit A.  The Judgment has not been satisfied to date.

Boston Chain Link Fence was organized as a Massachusetts corporation in July 1997.  The company lists its principal place of business as 48 Locust Street in Danvers, Massachusetts, and lists its corporate officers as Dominic W. Biscardi and Frank J. Biscardi.  A true copy of the company's Articles of Incorporation is attached to the Complaint as Exhibit B; Affidavit of Elizabeth A. Sloane ("Sloane Aff.").  The Articles of Incorporation describe the primary corporate purpose as selling, installing, erecting and otherwise dealing in chain link and other

types of fences.  Id.  On information and belief, Boston Chain Link Fence is no longer operating as a business, but has not formally dissolved its status as a Massachusetts corporation.  Sloane Aff.

Boston Fence was organized as a Massachusetts corporation in January 2000.  The company lists its principal place of business as 48 Locust Street in Danvers, Massachusetts in its Articles of Incorporation ("Articles").  See Boston Fence's Articles of Incorporation, attached to the Complaint as Exhibit C; Sloane Aff.  The Articles list the corporate officers as Dominic W. Biscardi and Frank J. Biscardi, and describe the primary corporate purpose as selling, installing, erecting and otherwise dealing in chain link and other types of fences.  Id.

Upon information and belief, both before and at the time of the entry of the original Judgment in 2003, Boston Chain Link Fence and Boston Fence operated out of 48 Locust Street in Danvers, Massachusetts and/or 128 Newbury Street in Peabody, Massachusetts.  Boston Fence was located at the Peabody address in May 2005, when the Complaint was served.  See Proof of Service filed in this action; Sloane Aff.

Upon information and belief, Boston Fence is operating as an ongoing business and as the alter ego and/or successor of Boston Chain Link Fence.  There is continuity of ownership between the companies, as upon information and belief, the two companies share the same officers - Frank J. and Dominic W. Biscardi - and share the same primary corporate purpose of selling, installing, erecting and otherwise dealing in chain link and other types of fences.  See Exhibits B and C to the Complaint.  Additionally, the two companies list the same business locations on their articles of incorporation, 48 Locust Street in Peabody, Massachusetts.  Id.

**ARGUMENT**

Judgment by default should enter where plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear and the party is not an infant or incompetent person. Rule 55(b)(1), Fed. R. Civ. P.

In the instant case, default judgment should enter as a matter of law. First, the plaintiffs' claim is for a sum certain. The amount of the unpaid judgment is $47,262.41. This figure demonstrates that plaintiffs' claim is for a sum certain. Second, defendant Boston Fence is neither an infant nor incompetent person, and is not in the military service. See Affidavit of Thomas Masiello, accompanying this Memorandum.

Finally, while not required for purposes of granting a default judgment, the facts outlined above establish that Boston Fence is the alter ego and/or successor of Boston Chain Link Fence, and is thus liable for the contributions owed by Boston Chain Link Fence to the Funds under ERISA. The First Circuit has found an employer that is not a signatory to a collective bargaining agreement requiring contributions to an ERISA fund liable under ERISA for the payment of such contributions where that employer is the alter ego and/or successor to an employer that *is* a signatory to a collective bargaining agreement requiring the payment of fund contributions. Massachusetts Carpenters Central Collection Agency v. Belmont Concrete Corporation et al., 139 F.3d 304 (1st Cir. 2003)("A finding that two employers are alter egos will bind the nonsignatory to a collective bargaining agreement between the union and the nonsignatory's alter ego.") In determining whether the nonsignatory employer is an alter ego and/or successor of the signatory employer, the Court has considered a variety of factors, including the continuity of ownership and similarity of company management, business purpose and operation of the two employers. Here, Boston Fence and Boston Chain Link Fence share the same location, the same

corporate officers and the same corporate purpose. Boston Fence has not disputed these facts. Boston Fence is thus the alter ego and/or successor of Boston Chain Link Fence, and is therefore liable under ERISA for the contributions adjudged as owed to the Funds by Boston Chain Link Fence.

## CONCLUSION

For all the foregoing reasons, plaintiffs respectfully submit that this Motion for Default Judgment be granted, and that judgment be entered against defendant Boston Fence in the amount of $47,262.41, the amount of the Judgment, plus post judgment interest.

> Respectfully submitted,
>
> PAUL J. MCNALLY, as he is
> TRUSTEE, MASSACHUSETTS
> LABORERS' HEALTH AND WELFARE
> FUND, et al,
>
> By their attorneys,
>
>  /s/ Elizabeth A. Sloane
> Anne R. Sills, Esq.,  BBO #546576
> Elizabeth A. Sloane, Esq., BBO#567866
> Segal, Roitman & Coleman
> 11 Beacon Street, Suite #500
> Boston, MA  02108
> (617) 742-0208

Dated:  September 13, 2005

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Plaintiffs' Memorandum in Support of Motion for Entry of Default Judgment has been served by certified and first class mail upon Boston Fence & Supply, Inc. and Boston Chain Link Fence Erectors at 128 Newbury Street, West Peabody, MA  01960 this 13th day of September, 2005

> /s/ Elizabeth A. Sloane
> Elizabeth A. Sloane

6306 02-213/DefaultJudgMemo2doc